IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Clifford Thompson, #274805,       )
                                  )
                    Petitioner,   )       C.A. No. 3:08-2794-HMH-JRM
                                  )
        vs.                       )       **OPINION & ORDER**
                                  )
Jon Ozmint, S.C. Department of    )
Corrections; Warden of Broad River )
Correctional Institution,         )
                                  )
                    Respondents.  )

        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Clifford Thompson ("Thompson"), a state

prisoner proceeding pro se, filed the instant federal habeas corpus petition pursuant to 28 U.S.C.

§ 2254 on August 4, 2008.[2]  Respondents filed a motion for summary judgment on

February 11, 2009.  In his Report and Recommendation, Magistrate Judge McCrorey

recommends granting Respondents' motion for summary judgment.  For the reasons set forth

below, the court grants the motion.

---

        [1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

        [2] Houston v. Lack, 487 U.S. 266 (1988).

1

## I. Factual and Procedural Background

Thompson is presently confined at the Broad River Correctional Institution in the South Carolina Department of Corrections ("SCDC"). On May 2, 2001, Thompson pled guilty to six counts of armed robbery and four counts of kidnaping.[3] That same day, Thompson was sentenced to concurrent twenty-five year terms of imprisonment. Thompson was represented by Steve Davis ("Davis") at his plea and sentencing hearings. Thompson's appellate counsel, Aileen P. Clare ("Clare"), filed a timely notice of appeal. On January 29, 2003, the South Carolina Court of Appeals affirmed in part and vacated in part Thompson's sentence, stating that the lower court "lacked subject matter jurisdiction to accept Thompson's guilty pleas to [the two] kidnapping and armed robbery offenses which occurred in Charleston County." (Resp't Mem. Supp. Summ. J. (App. at 60).) Accordingly, the court vacated those two sentences and affirmed the remaining eight sentences.

Thompson filed a pro se Post-Conviction Relief ("PCR") application on April 16, 2004, challenging his remaining convictions on the following grounds: (1) ineffective assistance of counsel due to trial counsel's failure to interview or contact material witnesses and misrepresentation of facts which "led [Thompson] to believe he had no other alternative but to plea [sic] guilty;" (2) involuntary guilty plea; and (3) violation of due process because "[Thompson's] Fifth, Sixth, and Fourteenth Amendment guarantee was violated in that he was not represented by competent counsel." (Id. (App. at 89).) Thompson was represented by Teresa N. Johns ("Johns") during his PCR proceedings.

---

[3] Thompson was charged with several robberies and kidnapings in Richland, Lexington, Berkeley, and Charleston County. (Report & Recommendation 2.)

An evidentiary hearing was held on October 27, 2005.  During the lunch break, Thompson fell and was transported to Trident Hospital; the hearing was continued.  (Id. (Supp. App. at 5).)  The court attempted to reconvene the evidentiary hearing on December 13, 2005, but the hearing ceased "[d]ue to court reporter difficulties."  (Id. (Supp. App. at 5).)  Thompson's PCR hearing finally resumed on February 22, 2006.  At the February hearing, the PCR judge noted that Thompson's testimony started "from scratch" due to the "difficulty" the court reporter faced at the December hearing.  (Id. (Supp. App. at 5).)  An order denying and dismissing with prejudice Thompson's PCR application was filed on March 22, 2006.

Thompson timely appealed the denial of his PCR application.  Thompson filed a pro se brief alleging that the PCR court erred (1) in finding that trial counsel was not constitutionally ineffective, (2) in concluding that Thompson's guilty plea was voluntary, (3) in finding that there was "no breach of negotiated plea agreement," (4) by disregarding omitted evidence, and (5) by barring the public from the PCR hearing.  (Pet'r Mem. Opp'n Mot. Summ. J. Ex. 1 (Pro Se Brief, generally).)  The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals and on May 22, 2008, the court denied Thompson's petition for writ of certiorari.

Thompson filed the instant § 2254 petition on August 4, 2008.[4]  In his petition, Thompson raises the following grounds for relief:  (1) ineffective assistance of counsel; (2) involuntary guilty plea; (3) breach of plea agreement; and (4) violation of due process.  (Thompson's § 2254 Pet., generally).  Respondents filed a motion for summary judgment on December 12, 2008.  Subsequently, Thompson filed two motions to produce documents on January 14, 2009 and January 23, 2009.  On June 16, 2009, Thompson filed a motion for summary judgment.  The

---

[4]  Houston v. Lack, 487 U.S. 266 (1988).

3

magistrate judge issued his Report and Recommendation on May 14, 2009, recommending granting Respondents' motion for summary judgment.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

4

**B.  Standard of Review in a § 2254 Petition**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254.  Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Thompson has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'"  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable."  Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410).  "Thus, to grant [Thompson's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable."  McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## C.  Objections to the Report and Recommendation

Thompson filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that most of Thompson's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, Thompson raises one specific objection to the magistrate judge's Report.  Thompson objects alleging that the magistrate judge failed to address his (1) ineffective assistance of counsel claims, (2) involuntary guilty plea claim, (3) breach of plea agreement claim, and (4) due process claim.  (Objections 2.)

In his § 2254 petition, Thompson alleges that he received constitutionally ineffective assistance of counsel because his trial counsel failed to (1) inform him of the "full consequences of his guilty plea agreement"; (2) interview witnesses; (3) withdraw Thompson's guilty plea; (4) "apprise himself of controlling law/caselaw as it pertains to [the] critical aspect[s] of [a] guilty plea"; (5) disclose discovery; and (6) "move for suppression [and] investigate third parties."  (Thompson's § 2254 Pet. 6.)  With the exception of the failure to withdraw

6

Thompson's guilty plea and failure to move for suppression claims, the magistrate judge

addressed all of Thompson's ineffective assistance of counsel allegations.[5]

In order to successfully challenge a conviction or sentence on the basis of ineffective

assistance of counsel, Thompson must demonstrate that his counsel's performance fell below an

objective standard of reasonableness, and that he was prejudiced by his counsel's deficient

performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first

prong, there is "a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance."  Id. at 689.  With respect to the second prong, Thompson

must demonstrate a "reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59

(1985).

Thompson's claim that Davis was constitutionally ineffective is without merit.  In finding

that Davis did not provide constitutionally ineffective assistance of counsel, the PCR court

explained that Davis possessed "extensive experience in the trial of criminal cases, thoroughly

investigated the facts and defenses, was familiar with the evidence the State planned to present

against [Thompson], and was prepared" to go to trial.  (Resp't Mem. Supp. Mot. Summ. J. (App.

at 198).)  Furthermore, Davis conducted numerous conferences with Thompson where Davis

fully reviewed and discussed discovery material, the evidence the State planned to introduce

against Thompson, possible defenses, leads for investigation, and the results of Davis'

_____

[5] The magistrate judge addresses Thompson's assertions that Davis "failed to properly
investigate an alibi defense," "failed to investigate [Thompson's] Richland and Lexington
County cases," "incorrectly advised [Thompson] that evidence of the Charleston County robbery
and kidnapping could be introduced into evidence at the Berkeley County trial," and that Davis
was ineffective "in connection with the guilty plea."  (Report & Recommendation 11-13.)

investigation. (Id. (App. at 198).) Davis also explained to Thompson the charges that were pending against him, the possible maximum punishment, Thompson's constitutional rights, the specifics of the plea offer, as well as the possible consequences of pleading guilty or going to trial. (Id. (App. at 198).) Additionally, Davis retained a private investigator to speak with third parties in search of potential alibi information.

Moreover, at his guilty plea hearing, Thompson informed the court that he was given sufficient time to confer with his counsel, he had nothing further he wished for his attorney to do to assist him in the case, and he was satisfied with Davis. (Id. (App. at 201).) Thompson has failed to present any evidence to support his claim that Davis failed to disclose discovery or suppressed evidence. Accordingly, the court finds that Thompson's claim for constitutionally ineffective assistance of counsel is without merit.

Next, Thompson argues that the magistrate judge failed to address his involuntary guilty plea claim. Like the PCR court, the magistrate judge found that Thompson's involuntary guilty plea claim was, in essence, an ineffective assistance of counsel claim, and treated it as such. (Report & Recommendation 10-11.) Nevertheless, Thompson's involuntary guilty plea claim is without merit.

"[I]n order to be valid, a plea of guilty must be knowingly and voluntarily made." Sargent v. Waters, 71 F.3d 158, 161 n.2 (4th Cir. 1995). "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citation omitted). During the plea colloquy, Thompson testified that he was completely satisfied with counsel and that he had sufficient time

to confer with counsel.  (Resp't Mem. Supp. Mot. Summ. J. (App. at 201).)  Additionally, the trial court made it clear that Thompson had the right to have the Lexington, Richland, and Charleston County charges adjudicated in those counties to which Thompson expressly stated that he understood those rights but wished to dispose of all of the charges in one proceeding.  (Id. at 200-201.)

After reviewing the transcript of the guilty plea hearing, the PCR court found that Thompson's guilty plea was knowingly and voluntarily made, and that his guilty plea was not rendered involuntary as a result of ineffective assistance of counsel.  (Resp't Mem. Supp. Mot. Summ. J. (App. at 201).)  Furthermore, the PCR court explained that Thompson "is extremely intelligent" and was "a very active participant with his attorney . . . and it simply is not believable that [Thompson] was confused during the guilty plea proceedings or that he was coerced by his attorney into entering a guilty plea." (Id. (App. at 203).)  The court finds that the PCR court's decision was not contrary to, nor did it involve an unreasonable application of clearly-established federal law as determined by the United States Supreme Court.

Further, Thompson's claim that he was prejudiced because his guilty plea was involuntary as a result of ineffective assistance of counsel is without merit.  "To attack the plea [based on the ineffective assistance of counsel], [Thompson] must show that the advice he received was not within the range of competence demanded of attorneys in criminal cases." Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 173 (4th Cir. 1981) (internal quotation marks omitted).  As the PCR court explained, Davis "retained a private investigator to speak with [Thompson] and obtain potential alibi information.  The investigator pursued all of the leads suggested by [Thompson]; however the alibi could not be established." (Resp't Mem. Supp.

Mot. Summ. J. (App. at 200).) In addition, as a result of Davis' plea negotiations, the prosecutor

agreed to recommend a sentence of concurrent terms of twenty-five years. (Id. (App. at 191,

203).) As the PCR court noted, "Thompson received a significant guilty plea deal in light of the

potential aggregate sentence of more than two hundred (200) years and the probability . . . that he

would have been tried separately in each county until he received a sentence of life without

parole." (Id. (App. at 203).) Based on the foregoing, there is no evidence that Thompson's

advice to plead guilty constituted ineffective assistance of counsel.

Next, Thompson argues that the magistrate judge erred in failing to address his breach of

plea agreement claim. Thompson alleges that the "state breach[ed] specific promises

encompassed by the plea agreement, [I] relied upon these promises detrimentally. [I] received no

benefits and the state is vindictively pursuing a course of action it promised it would not."

(Thompson's § 2254 Pet. 9.) Thompson has failed to detail which provisions of the plea

agreement have been breached. Additionally, Thompson has provided no evidence to establish

vindictive prosecution. Accordingly, this claim is without merit.

Lastly, Thompson argues that the magistrate judge erred in failing to address his due

process claim. Thompson's facts in support of his due process claim rehash the claims addressed

above and allege error on the part of the PCR court. Thompson alleges that his due process

rights were violated because he was "lied to and tricked into plea agreement," he waived his

"rights without knowing full understanding of circumstances" and his counsel "affirmly advised

[him] to enter [into] an invalid plea agreement." (Thompson's § 2254 Pet. 11.) Having found

that Thompson's counsel was not constitutionally ineffective, the court finds that Thompson's

due process claim based on constitutionally ineffective assistance of counsel is without merit.

Additionally, Thompson alleges that his due process rights were violated because of the "omission of PCR testimony and exhibits by PCR court" and the "closing [of his] hearing and preventing open courts access by [the] public." (Id.) Thompson has failed to provide any evidence to establish that the PCR court committed any error. As such, Thompson's due process claim is without merit.

After thorough review of the PCR proceedings, the court finds that the decisions of the PCR court are neither in violation of clearly-established federal law nor unreasonable. Based on the foregoing, the court adopts the Report and Recommendation of Magistrate Judge McCrorey to the extent that it is consistent with this order.

It is therefore

**ORDERED** that Respondents' motion for summary judgment, docket number 20, is granted; it is further

**ORDERED** that Thompson's motions to produce further documents, docket numbers 26 and 27, are denied; and it further

**ORDERED** that Thompson's motion for summary judgment, docket number 41, is denied as moot.

**IT IS SO ORDERED**.


                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
July 9, 2009

11

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.