IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clifford Thompson, | ) | |
| | ) | C.A. No. 3:08-2794-HMH-JRM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jon Ozmint, S.C. Department of | ) | |
| Corrections; Warden of Broad River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit. Clifford Thompson ("Thompson"), a state prisoner currently serving a twenty-five-year term of imprisonment for a series of armed robberies and kidnappings, seeks habeas relief pursuant to 28 U.S.C. § 2254. On July 9, 2009, this court issued an order ("July Order") adopting Magistrate Judge Joseph R. McCrorey's Report and Recommendation ("Report & Recommendation I") and granting summary judgment in favor of Respondents. Thompson v. Ozmint, C.A. No. 3:08-2794-HMH-JRM, 2009 WL 2048725, at *6 (D.S.C. July 9, 2009) (unpublished). Thompson appealed. The United States Court of Appeals for the Fourth Circuit vacated this court's July Order with respect to two issues and remanded the case for further proceedings. Thompson v. Ozmint, No. 09-7516, 2010 WL 3069858, at *1 (4th Cir. Aug. 5, 2010) (unpublished). Magistrate Judge McCrorey ordered the parties to submit supplemental briefing addressing the issues presented by the Fourth Circuit's remand. After both parties submitted briefs, Magistrate Judge McCrorey issued a Report and Recommendation

1

("Report & Recommendation II"), finding Thompson's claims presented on remand without merit and recommending that Thompson's § 2254 petition be dismissed without an evidentiary hearing.[1] Thompson filed objections to the Report and Recommendation. For the reasons explained below, the court adopts the magistrate judge's Report and Recommendation and dismisses Thompson's § 2254 petition.

I. FACTUAL AND PROCEDURAL BACKGROUND

Thompson was charged with multiple counts of armed robbery and kidnapping in Richland, Lexington, Berkeley, and Charleston Counties between 1998 and 2000. Because armed robbery and kidnapping are classified as most serious offenses under South Carolina law, Thompson faced a possible sentence of life without the opportunity for parole upon a second conviction for armed robbery or kidnapping. S.C. Code Ann. § 17-25-45. On February 20, 2001, the State presented Thompson's counsel with a written plea offer. (Resp't Mot. Summ. J. Ex. 12 (Plea Tr. at 7).) The plea offer provided, in pertinent part, as follows:

> Because Mr. Thompson is facing the potential of life in prison without the possibility of parole if he is convicted of two of these most serious crimes, I can make the following offer to resolve all of his pending charges in Berkeley, Charleston, Lexington, and Richland Counties. Mr. Thompson can plead guilty to the following charges:
>
> 1) Armed robbery and kidnapping from Berkeley County;
> 2) Armed robbery [and] kidnapping . . . from Lexington County;

---

[1] The Report and Recommendation was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina. The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

> 3) Three counts of armed robbery from Richland County;
> 4) Armed robbery and kidnapping from Charleston County.
>
> In return, the remaining [counts from Lexington and Richland Counties] will be dismissed. **Mr. Thompson would be sentenced to a negotiated sentence of 25 years in prison for the Berkeley County charges, with all other sentences to run concurrently.**

(Id. Ex. 9 (PCR App. at 77-78).) On the morning he was scheduled for trial on armed robbery and kidnapping charges from Berkeley County, Thompson accepted the plea offer and was sentenced to twenty-five years' imprisonment. (Id. Ex. 12 (Plea Tr. at 53).) Thompson subsequently appealed his conviction and sentence. The South Carolina Court of Appeals concluded that the plea judge lacked jurisdiction over the Charleston County charges because Thompson orally waived his right to have those charges presented to the grand jury when, at that time, South Carolina law required such a waiver to be in writing. (Id. Ex. 3 (S.C. Ct. App. Op. at 3).) Consequently, the South Carolina Court of Appeals vacated the Charleston County convictions and affirmed the remaining convictions.

Thompson thereafter sought post-conviction relief ("PCR") in state court. Rejecting Thompson's claim that his counsel was constitutionally ineffective, the PCR court explained that Thompson's "trial counsel was fully prepared for trial and when the alibi defense did not materialize, trial counsel did what he could to salvage the life of his young client." (Id. Ex. 10 (PCR App. at 19).) The PCR court further emphasized that Thompson's counsel was able to secure "a significant guilty plea deal in light of the potential aggregate sentence of more than two hundred (200) years and the probability, based upon the experience of this Court, that he would have been tried separately in each county until he received a sentence of life without parole." (Resp't Mot. Summ. J. Ex. 10 (PCR App. at 23).) The PCR court concluded that

3

Thompson "admitted [h]is guilt and entered a guilty plea to the offenses freely and voluntarily and based upon the effective assistance of counsel," and therefore was not entitled to post-conviction relief. (Id. Ex. 10 (PCR App. at 22).)

After exhausting state remedies, Thompson filed the instant action petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising numerous grounds for relief. Concluding that his claims were without merit, the court granted Respondents' motion for summary judgment. Thompson appealed, and the Fourth Circuit granted a certificate of appealability on the following two issues: "(1) whether the trial court's lack of jurisdiction over two counts of conviction resolved by Thompson's plea agreement rendered the plea agreement involuntary, and (2) whether trial counsel was ineffective for negotiating and recommending said plea agreement." Thompson, 2010 WL 3069858, at *1. In subsequent briefing, Respondents contended that these claims were procedurally barred because Thompson failed to raise them in state court. Id. The Fourth Circuit found that although the claims were not raised in Thompson's initial PCR application, he

> did raise these claims in his pro se petition for relief to the Supreme Court of South Carolina, as well as in his § 2254 petition and his objections to the magistrate judge's report in district court. Nonetheless, neither the state court, magistrate judge, nor district court explicitly ruled on Thompson's potential default or the merits of the claims.

Id. Consequently, the Fourth Circuit vacated and remanded "the portion of the [July Order] dismissing these claims" for the court to determine "whether the specified claims are procedurally defaulted and, if not, the merits of Thompson's claims." Id.

After the parties fully briefed the issues presented by the Fourth Circuit's remand, Magistrate Judge McCrorey first determined that Thompson properly exhausted his claims by presenting them to the Supreme Court of South Carolina in his pro se petition for relief. (Report & Recommendation II at 10-11.) The magistrate judge then addressed the merits of Thompson's claims. Regarding whether Thompson's plea was rendered involuntary due to the plea court's lack of jurisdiction over the Charleston County charges, Magistrate Judge McCrorey concluded that

> Thompson has not shown that his right to due process will be violated absent voiding his plea agreement in its entirety. The primary objective of the plea agreement, avoiding [life without the opportunity for parole], may still be accomplished by requiring the State to allow Thompson to plead guilty to the Charleston County charges with the understanding that they would not constitute subsequent offenses or dismissing those charges.

(Id. at 14-15.) Magistrate Judge McCrorey further rejected Thompson's claim that his counsel was constitutionally ineffective for negotiating Thompson's plea deal, explaining that

> Thompson admitted his guilt and orally stated that he wished to waive indictment by the Charleston County Grand Jury. Thompson is now attempting to use a procedural error to void his plea agreement. The undersigned concludes that Thompson has not shown that his attorney was ineffective in negotiating a favorable plea agreement nor in failing to raise the jurisdictional issue.

(Id. at 17.) Consequently, Magistrate Judge McCrorey recommends dismissing Thompson's § 2254 petition.

Thompson filed objections to the magistrate judge's Report and Recommendation. After reviewing the objections, the court appointed Parks N. Small ("Small") to represent Thompson. Small filed a supplemental memorandum and objections to the magistrate judge's Report and Recommendation on December 22, 2011. The court subsequently scheduled a status conference

and ordered the Solicitor of Charleston County to appear. On January 12, 2012, the court received correspondence from Scarlett A. Wilson, Solicitor for Charleston County ("Solicitor Wilson"). In the letter, which the court construes as a stipulation, Solicitor Wilson addressed the armed robbery and kidnapping charges still pending in Charleston County, stating, in pertinent part, as follows:

> Despite the fact the Petitioner created this situation by appealing his guilty plea, it is my position that he should be given the benefit of his bargain. The most expeditious way to accomplish this would be for me to dismiss with prejudice the two Charleston County charges for armed robbery (warrant G369628) and kidnapping (warrant G369629) with the understanding that neither I nor any successor of mine could thereafter indict and prosecute the Petitioner on these charges. Please consider this letter as my written commitment to do this provided the plea agreement remains intact and the Petitioner is required to serve the 25 year sentence.

(Resp't Reply Jan. 3, 2012 Order Ex. 2 (Wilson Letter at 1).)

After a thorough review of Thompson's pro se objections, Small's supplemental memorandum and objections, and the record in this case, and with the benefit of Solicitor Wilson's correspondence addressing Thompson's armed robbery and kidnapping charges still pending in Charleston County, the court concludes that Thompson is not entitled to federal habeas relief. For the reasons set forth below, the court adopts the magistrate judge's Report and Recommendation and dismisses Thompson's § 2254 petition.

## II. DISCUSSION OF THE LAW

### A. § 2254 Standard of Review

When a habeas petitioner's constitutional claim has been "adjudicated on the merits" by a state court, a federal court is authorized to grant habeas relief only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an

6

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A state court's decision is contrary to clearly established federal law if [1] the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or [2] confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (internal quotation marks omitted). A state court's decision constitutes an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case." Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (en banc).

### B. Objections[2]

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] Respondents did not object to the magistrate judge's determination that Thompson properly exhausted his involuntary guilty plea and ineffective assistance of counsel claims. Although Thompson initially lodged objections to this portion of the Report and Recommendation in his pro se objections, (Thompson Objections 8-11), Small's supplemental memorandum clarifies that Thompson agrees with the magistrate judge's conclusion that his claims are not procedurally defaulted. (Thompson Supplemental Mem. & Objection 1.)

7

Upon review, the court finds that many of the objections raised by Thompson in his pro se filing are non-specific and conclusory or are otherwise unrelated to the dispositive portions of the magistrate judge's Report and Recommendation. However, based upon Thompson's pro se objections and Small's supplemental memorandum and objections, the court identifies two specific objections that warrant de novo review: (1) the magistrate judge erred in determining that Thompson's due process rights were not violated by the plea court's lack of jurisdiction over the Charleston County charges; and (2) the magistrate judge erred in determining that his counsel was not constitutionally ineffective for negotiating and recommending the plea offer. The court addresses each objection in turn.

### 1. Involuntary Guilty Plea

The first issue presented by the Fourth Circuit's remand is whether the trial court's lack of jurisdiction over two counts of conviction resolved by Thompson's plea agreement rendered the plea agreement involuntary.

Due process requires that a defendant's guilty plea be both voluntary and knowing. McCarthy v. United States, 394 U.S. 459, 466 (1969). A plea is voluntary if it is entered into by one fully aware of the direct consequences, and not induced by threats, misrepresentation, or improper promises. Brady v. United States, 397 U.S. 742, 755 (1970). In determining whether a plea is voluntary, the court must consider "all of the relevant circumstances surrounding" the guilty plea. Id. at 749.

Thompson contends that his plea is involuntary because he has not received the benefit of the promises contained in the plea agreement. Pursuant to the terms of the plea agreement, Thompson would avoid a sentence of life imprisonment without the opportunity for parole by

pleading guilty to all of the armed robbery and kidnapping charges pending in four counties and receiving a twenty-five-year term of imprisonment. As Thompson's counsel emphasized before the plea judge:

> Judge, I want to interject at this particular point, one of the propelling reasons under this negotiated situation is the fact that if you take away the single incident that he's pleading to, that he could from the totality of all the cases, find himself in prison for life now, if these cases were separated from Richland County, Charleston County, and Lexington County and prosecuted in each one of those counties individually, that he could find himself confronted with a life sentence.
> Matter of fact, I have written correspondence from the solicitor here in Berkeley County that Ms. Carroll, who is the solicitor in Lexington County, has stated that she would seek notice of the life sentence without the possibility of parole, pursuant to section 17-25-45. And so, in that vein, Your Honor, this is why my client finds himself in this predicament. Because if you take away the one incident of all of these charges, then he finds himself already with the possibility of life without parole.

(Resp't Mot. Summ. J. Ex. 12 (Plea Tr. at 26).) Thompson claims that he did not receive the benefit of the promises in the plea agreement because he remains subject to prosecution on the Charleston county charges, and if convicted, could be sentenced to life without the opportunity for parole as a second most serious offense. (Thompson Supplemental Mem. & Objection 2-3.) Although the plea agreement was frustrated when Thompson appealed his conviction and sentence, causing only the Charleston County charges to be vacated and remain pending, the court concludes that Thompson is not entitled to withdraw his guilty plea.

Plea agreements are governed by principles of contract law, and "parties to the agreement should receive the benefits of their bargain." United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006). Because a plea agreement is essentially a contract between a defendant and the government, the remedy for an involuntary guilty plea is not necessarily "the right to go back, plead innocent, and have a trial" when it remains possible for the defendant to obtain the

benefit of his bargain.  See Ruelas v. Wolfenbarger, 580 F.3d 403, 410 (6th Cir. 2009) ("[B]ecause guilty pleas are in the nature of contracts, the remedy for [the petitioner] is specific performance of what he bargained for . . . ." (internal citation omitted)).  As the Sixth Circuit has explained, "when a sentence is modified to make it consistent with state law *and to give the defendant the benefit of his original plea agreement*, the Constitution does not require the withdrawal of a once-illegal plea.  This outcome is not only consistent with the law, it is fair to those who enter plea agreements." Pickens v. Howes, 549 F.3d 377, 381-82 (6th Cir. 2008) (emphasis added).

Here, the benefit of the bargain was a twenty-five-year concurrent sentence for the armed robbery and kidnapping charges pending in all four counties, thereby avoiding a life sentence without the opportunity for parole.  That benefit, however, was compromised because Thompson's counsel, the prosecutor, and the judge merely misapprehended the court's authority to accept Thompson's unequivocal admission of guilt on the Charleston County charges due to a procedural defect that existed independent of Thompson's decision to plead guilty.  Nevertheless, the State has agreed to dismiss with prejudice Thompson's armed robbery and kidnapping charges pending in Charleston County.  South Carolina v. Peake, 545 S.E.2d 840, 844 (S.C. Ct. App. 2001) ("The State may be subject to estoppel where its officers or agents act within the proper scope of their authority.").  This accommodation provides Thompson with the benefit of his bargain by disposing of the armed robbery and kidnapping charges pending in Charleston County and allowing him to avoid a possible sentence of life without the opportunity for parole.  Because the State's dismissal with prejudice of the Charleston County charges fully vindicates Thompson's due process rights by placing both the State and Thompson in the

position they would have been in had the Charleston County charges not been vacated, the court concludes that he is not entitled to withdraw his plea.

## 2. Ineffective Assistance of Counsel

The second issue presented by the Fourth Circuit's remand is whether trial counsel was ineffective for negotiating and recommending Thompson's plea agreement.

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Thompson must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Thompson tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As explained above, the State's dismissal with prejudice of the Charleston County charges places Thompson in the position he would have been in had the plea court possessed jurisdiction over those charges. Therefore, even if Thompson could establish that his counsel's performance in negotiating and recommending the plea was deficient, he is unable to demonstrate prejudice caused by his counsel's performance. Buckner v. Polk, 453 F.3d 195, 202 (4th Cir. 2006) (recognizing that a court may proceed directly to Strickland's prejudice

prong in resolving ineffective assistance of counsel claim). Thompson's ineffective assistance of counsel claim, therefore, is without merit.[3]

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McCrorey's Report and Recommendation and dismisses Thompson's § 2254 petition.

It is therefore

**ORDERED** that Thompson's § 2254 petition, docket number 1, is dismissed.

**IT IS SO ORDERED.**

                                                   s/Henry M. Herlong, Jr.
                                                   Senior United States District Judge

Greenville, South Carolina
February 23, 2012

---

[3] In his pro se objections, Thompson argues that he is entitled to an evidentiary hearing to resolve his claims. (Thompson Objections 12-20.) An evidentiary hearing is required only if a petitioner "alleges . . . facts that, if true, would entitle him to relief and establishes one of six factors set out by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 312 (1963)." Fisher v. Lee, 215 F.3d 438, 454 (4th Cir. 2000). Because Thompson has failed to satisfy this standard, the court agrees with the magistrate judge's conclusion that Thompson is not entitled to an evidentiary hearing.